T.C. Memo. 2010-218

UNITED STATES TAX COURT

RAMESH J. AND PRAGATI BOSAMIA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27960-08.                    Filed October 7, 2010.

Ps' S corporation (S1) purchased inventory from Ps'
other S corporation (S2) on credit.  S1, using the accrual
method of tax accounting, reduced its sales by cost of
purchased goods in the year of purchase, whereas S2, using
the cash method of accounting, would not report income from
the sales to S1 until the year that S2 was paid.  For 2004 R
determined that S1 is not entitled to reduce its sales by
the cost of purchases from S2 until S2 reports the
corresponding income.  R also made a sec. 481, I.R.C.,
adjustment to Ps' income to account for the deductions taken
in years prior to 2004 even though the period for assessment
had expired in some of the years.  For all of the years
under consideration, S1 did not pay S2 and no sales income
was reported by S2 although S1 reduced its income in each
year by the amount of the purchases from S2.

Held:  Sec. 481, I.R.C., applies and adjustments can be
made for closed prior years as part of R's 2004
determination.

L. Don Knight, for petitioners.

Sara W. Dalton, for respondent.


MEMORANDUM OPINION


NIMS, Judge:  Respondent determined a $295,818 deficiency in petitioners' 2004 Federal income tax and a $59,163.60 accuracy-related penalty under section 6662(a).  In this fully stipulated case, the issue framed by the parties is whether respondent may use section 481 to make an adjustment to petitioners' income for 2004 that arises from closed years.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This case was submitted fully stipulated pursuant to Rule 122.  The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.  Petitioners resided in Texas when they filed their petition.

Petitioners were the sole shareholders of India Music, Inc. (India Music), and Houston-Rakhee Imports (HRI).  India Music and HRI were both S corporations.

India Music purchased most of its inventory from HRI on credit, creating an account payable to HRI. India Music used the accrual method of accounting and therefore annually subtracted from its gross receipts the yearly increase in the account payable to HRI even though no payments were made in 7 years. India Music accordingly claimed cost of goods sold of $353,339, $11,062, $147,138, $79,336, $69,478, $217,226, and $23,351 for the years 1998, 1999, 2000, 2001, 2002, 2003, and 2004, respectively. HRI, using the cash method of accounting, reported no income from its sales to India Music for the years 1998 through 2004.

On August 14, 2008, respondent issued petitioners, for their tax year 2004, a notice of deficiency in which it was determined that India Music was not entitled to claim cost of goods sold for 1998 through 2004 until such time as the sales were included in HRI's income. When the 2004 notice of deficiency was issued, respondent was barred from assessing income tax deficiencies for petitioners' 1998 through 2002 tax years (closed years) because of the expiration of the 3-year period for assessment under section 6501(a). Respondent, however, made a section 481 adjustment of $877,581 to petitioners' 2004 income, reflecting the total of India Music's claimed cost of goods sold for 1998

through 2003.[1]  Respondent thus determined for petitioners' 2004 tax year a $295,818 deficiency and a $59,163.60 accuracy-related penalty under section 6662(a).

Discussion

The parties submitted the case fully stipulated and have framed the issue very narrowly.  They agree that India Music may not reduce income in the amounts of the purchases from HRI until the sales representing those purchases have been included in HRI's income.  They disagree only as to whether respondent may make a section 481 adjustment which takes into account the inventory or cost of goods sold adjustments from petitioners' closed years.  We confine our opinion to that issue.

If we hold that respondent may make an adjustment for petitioners' 2004 tax year based on cost of goods sold adjustments for closed years, then petitioners concede that they are liable for the full amount of the deficiency and penalty.

Section 481(a) permits adjustments to prevent omissions or duplications when a taxpayer changes a method of accounting.  The adjustment may include amounts attributable to taxable years for which assessment is barred by the expiration of the period for assessment.  Graff Chevrolet Co. v. Campbell, 343 F.2d 568, 572 (5th Cir. 1965); Hamilton Indus., Inc. v. Commissioner, 97 T.C.

---

[1]India Music's purchases from HRI for 1998 through 2003 actually total $877,579.  The record does not explain the $2 discrepancy.

120, 125 (1991). Respondent contends that a change in accounting method occurred when India Music was required to postpone the realization of its cost of goods sold.

We agree. "A change in method of accounting to which section 481 applies includes a change in the overall method of accounting for gross income or deductions, or a change in the treatment of a material item." Sec. 1.481-1(a)(1), Income Tax Regs. "A material item is any item that involves the proper time for the inclusion of the item in income or the taking of a deduction." Sec. 1.446-1(e)(2)(ii)(a), Income Tax Regs. We have previously indicated that a change made to comply with section 267(a)(2) is a change in the treatment of a material item. See Summit Sheet Metal Co. v. Commissioner, T.C. Memo. 1996-563. In Summit Sheet Metal, the taxpayer sought to change the year it deducted bonuses to its officers from the year the bonuses were authorized to the year of payment. The taxpayer argued that this change was merely a correction required to comply with section 267(a)(2) rather than a change of accounting method. We held that the change affected the timing of a deduction and that it was a change in the treatment of a material item.

Petitioners contend that an accounting change made in order to comply with section 267(a)(2) is not a change in the treatment

of a material item because section 267 may in some cases affect more than just the timing of a deduction. Petitioners express their contention as follows:

> More specifically, although Section 267 typically results in a timing difference, it can also permanently disallow a deduction between "related parties" as that term is used in Section 267(b). For example, if India Music were to go out of business and fail to pay HRI for the accrued expenses owing to HRI, India Music would never be permitted to deduct the corresponding expense item. This disallowance would arise solely by virtue of Section 267. In the absence of Section 267, however, India Music would be allowed the deduction in the current year irrespective of events occurring in later years.

Petitioners' contention, however, is incorrect. In analyzing the hypothetical situation petitioners propose, it becomes apparent that their analysis is faulty because the section 267 adjustment simply causes a delay or timing difference. The parties agree that section 267 requires the postponement of India Music's deductions. India Music's failure to pay HRI is the proximate cause of the "disallowance" or inability to claim the "deductions". Uniquely, petitioners control both the purchaser and the seller and have exercised their discretion to delay payment, causing the deferral of India Music's "deductions". Petitioners' hypothetical is incomplete and does not support their position.

Petitioners also argue that section 267 preempts section 481 and prevents a section 481 adjustment arising from closed years. In support, petitioners cite <u>Tate & Lyle, Inc. & Subs. v.</u>

Commissioner, 87 F.3d 99 (3d Cir. 1996), revg. and remanding 103
T.C. 656 (1994).  Petitioners' reliance on that case is
misplaced.  In Tate & Lyle, the Court of Appeals for the Third
Circuit considered the issues of whether section 1.267(a)-3,
Income Tax Regs., was valid and whether retroactive application
of that regulation violates the Due Process Clause of the Fifth
Amendment.  The opinion of the Court of Appeals does not refer to
or consider section 481.  The holding in Tate & Lyle does not
provide a basis for petitioners' argument that a section 481
adjustment based upon adjustments from a closed year is
prohibited.

Accordingly, we hold that section 481 applies and that
petitioners are therefore liable for the deficiency and section
6662(a) accuracy-related penalty.

To reflect the foregoing,

Decision will be entered

for respondent.